**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| HECTOR IGNACIO, | Civil Action Number: 3:23-cv-345 |
|       Plaintiff, | |
| v. | |
| | **COMPLAINT** |
| PROCOLLECT, INC, EXPERIAN INFORMATION SOLUTIONS, INC, TRANS UNION, LLC, AND EQUIFAX INFORMATION SERVICES, LLC | |
| | **DEMAND FOR JURY TRIAL** |
|      Defendants, | |

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Plaintiff HECTOR IGNACIO ("Plaintiff"), by and through his attorneys, JAFFER & ASSOCIATES, PLLC, and brings this *Complaint* against Defendants PROCOLLECT, INC ("Procollect"), EXPERIAN INFORMATION SOLUTIONS, INC referred to as ("Experian"), and Defendant TRANS UNION, LLC referred to as ("Transunion"), and EQUIFAX INFORMATION SERVICES, LLC collectively referred to as the ("Defendants") and respectfully sets forth, complains, and alleges, upon information and belief, the following:

## PREMLIMINARY STATEMENT

1.     This is an action for actual and statutory damages, punitive damages, costs, and attorney's fees pursuant to 15 USC §1681 *et seq.* the Fair Credit Reporting Act ("FCRA"), and 15 U.S.C. § 1692 *et seq.,* commonly known as the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION & VENUE

2.     Plaintiff brings this action for damages arising from the Defendant's violations of the

1

FCRA and violations of the FDCPA.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq* and 15 U.S.C. § 1692p *et seq.*

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, the Plaintiff resides here, and the Defendants transact business here.

5.      Under Fed. R. Civ. P. 20(a), joinder is proper where: (1) the claims against the defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or fact common to all defendants.

## PARTIES AND SERVICE

6.      At all times relevant Plaintiff was a resident of Brazoria County, Texas.

7.      At all times material hereto, Plaintiff was a "Consumer," as defined under 15 U.S.C. § 1681a(c), and 15 U.S.C. § 1692a(3).

### Defendant Procollect, Inc

8.      Defendant Procollect, Inc ("Procollect") is a "person" who furnishes consumer credit information to consumer reporting agencies under 15 U.S.C. § 1681s-2 and a Debt Collector as defined under 15 U.S.C. §1692a(3).

9.      Defendant Procollect may be served with process through its registered agent John W. Bowdich for service of process at 8150 N Central Expy, Suite 500, Dallas, TX 75206.

10.     As used herein, "consumer reporting agency," or "CRA," is any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information

on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties. CRAs specifically include, but are not limited to Equifax, Experian, and TransUnion.

## Defendant Experian Information Solutions, Inc

11.     Defendant Experian Information Solutions, Inc., ("Experian") is a consumer reporting agency as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is a Texas company registered to do business in the State of Texas and may be served with process upon C.T. Corporation System, its registered agent for service of process, at 1999 Bryan Street, Suite 900, Dallas, TX, 75201.

12.     At all times material hereto, Experian was a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to third parties.

13.     At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

## Defendant Trans Union, LLC

14.     Defendant Trans Union, LLC., ("Transunion") is a consumer reporting agency as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Transunion is a Delaware company registered to do business in the State of Texas and may be served with process at The Prentice-Hall Corporation System, its registered agent for service of process, at 211 E. 7th Street, Suite 620, Austin, TX 78701.

15.     At all times material hereto, Transunion was a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning

consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to third parties.

16.     At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

**Defendant Equifax Information Services, LLC**

17.     Defendant Trans Union, LLC., ("Transunion") is a consumer reporting agency as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Transunion is a Delaware company registered to do business in the state of Texas and may be served with process upon The Prentice-Hall Corporation System, its registered agent for service of process, at 211 E. 7th Street Suite 620, Austin, TX 78701.

18.     At all times material hereto, Transunion was a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to third parties.

19.     At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

## FACTUAL ALLEGATIONS

20.     The Plaintiff, Hector Ignacio, was born on June 23rd, 1995, and has a social security number ending with ***-**-9719.

21.     Hector Hugo Ignacio, Plaintiff's Father, was born on August 28th, 1969, and has an ITIN number ending with *****4718.

22.     In November of 2021, Plaintiff's father signed an apartment leasing contract (the "Lease") in Houston, Texas and provided only his own date of birth and ITIN number.

23.    Plaintiff was not listed in any way on the Lease that his father signed in Houston, TX.

24.    Sometime in 2022, Plaintiff's father allegedly breached the Lease.

<u>Defendant Procollect</u>

25.    In September of 2022, Defendant Procollect began reporting a collections account arising from the Lease ("Collections Account") to Defendants Transunion, Experian, and Equifax (the "Credit Bureaus").

26.    After Defendant Procollect began reporting the Collections Account, Procollect received a dispute from Plaintiff. In that dispute, the Plaintiff informed Procollect that the Collection Account belonged to Plaintiff's father and not the Plaintiff.

27.    Defendant Procollect didn't remove the Collections Account from Plaintiff's credit reports with the Credit Bureaus after Plaintiff's dispute.

28.    Defendant Procollect then received Plaintiff's disputes from the Credit Bureaus.

29.    Defendant Procollect failed to conduct a reasonable investigation when it verified the Collections Account as belonging to Plaintiff, despite Plaintiff including in his disputes that the account belonged to his father, and provided the dates of birth, respective social security number, and ITIN numbers for both his father and himself.

30.    Defendant Procollect continues to report the Collections Account on Plaintiff's consumer reports with the Credit Bureaus even though it did not belong to the Plaintiff.

31.    Defendant Procollect has violated the FCRA by continuing to report the Collections Account on Plaintiff's consumer reports with the Credit Bureaus.

32.    Defendant Procollect has violated the FDCPA by wrongfully attempting to collect on the Collections Account from the Plaintiff when he is not the responsible party.

Defendant Experian

33.    In May of 2023, Plaintiff disputed the Collections Account with Defendant Experian.

34.    Defendant Experian conducted a reinvestigation of the Collections Account and verified the account as accurate.

35.    Defendant Experian has received at least two (2) more disputes from Plaintiff, all containing Plaintiff's correct date of birth and social security number, as well as Plaintiff's father's date of birth and ITIN.

36.    Defendant Experian failed to conduct a reasonable investigation, because Experian did not compare the Plaintiff's date of birth and social security number with the information on the Collections Account.

37.    Defendant Experian violated the FCRA by failing to conduct a reasonable reinvestigation of the Plaintiff's disputes.

38.    Defendant Experian violated the FCRA when it mixed or merged Plaintiff and his father's credit files and therefore failed to assure maximum accuracy in the creation, publication, and dissemination of Plaintiff's consumer report.

Defendant Equifax

39.    In May of 2023, Plaintiff disputed the Collections Account with Defendant Equifax.

40.    Defendant Equifax conducted a reinvestigation of the Collections Account and verified the Collections Account as accurate.

41.    Defendant Equifax has received at least two (2) more disputes from Plaintiff, all containing Plaintiff's correct date of birth and social security number, as well as Plaintiff's father's date of birth and ITIN.

42.    Defendant Equifax failed to conduct a reasonable investigation, because Equifax did not compare the Plaintiff's date of birth and social security number with the information on the Collections Account.

43.    Defendant Equifax violated the FCRA by failing conduct a reasonable reinvestigation of Plaintiff's dispute.

44.    Defendant Experian violated the FCRA when it mixed or merged Plaintiff and his father's credit files and therefore failed to assure maximum accuracy in the creation, publication, and dissemination of Plaintiff's consumer report.

Defendant Transunion

45.    In May of 2023, Plaintiff disputed the Collection Account with Defendant Transunion.

46.    Defendant Transunion conducted a reinvestigation of the Collections Account and verified the Collections Account as accurate.

47.    Defendant Transunion has received at least two (2) more disputes from Plaintiff, all containing Plaintiff's correct date of birth and social security number, as well as Plaintiff's father's date of birth and ITIN.

48.    Defendant Transunion completed their reinvestigations of Plaintiff's disputes verified the account as belonging to Plaintiff even though Plaintiff's social security number and date of birth did not match with what Procollect was reporting.

49.    Defendant Transunion also sent response letters to Plaintiff stating that they would not be blocking the accounts Plaintiff identified that did not belong to Plaintiff.

50.    Defendant Transunion failed to conduct a reasonable investigation, because Transunion did compare the Plaintiff's date of birth and social security number with the information on the Collections Account.

51.     Defendant Transunion violated the FCRA by failing to conduct a reasonable reinvestigation of Plaintiff's dispute.

52.     Defendant Experian violated the FCRA when it mixed or merged Plaintiff and his father's credit files and therefore failed to assure maximum accuracy in the creation, publication, and dissemination or Plaintiff's consumer report.

Harm to Plaintiff

53.     The Defendants have published, furnished, and reported the Collections Account wrongfully on Plaintiff's credit report for a year.

54.     Plaintiff has been unable to receive credit opportunities, and loans due to the Defendants falsely reporting the Collections Account as belonging to the Plaintiff.

55.     This error shall be on Plaintiff's credit report for a maximum of 7 years and will continue to injure the Plaintiffs creditworthiness, as well as his ability to obtain credit, insurance, employment, and housing opportunities for 7 years.

56.     Due to the actions and behavior of Defendants, Plaintiff has been unable to obtain credit and improve his life. Plaintiff has suffered from strained familial relationships. Plaintiff has suffered loss of credit worthiness, emotional distress, mental anguish, and the inability to enjoy life. Additionally, Plaintiff's repeated attempts to correct this Collections Account being reported on his credit report has resulted in a waste of time and resources for the Plaintiff.

**FIRST CAUSE OF ACTION**
**Violations of the FDCPA as to**
**Defendant Procollect**

57.     Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

58.    The FDCPA prohibits a laundry list of deceptive, abusive, and unfair behavior by Debt collectors including but not limited to:

(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of the character, amount, or legal status of any debt.

(8) Communicating or threatening to communicate to any person credit information which is known, or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Section §1692f: A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

59.    For these reasons, Defendant Procollect has violated the FDCPA and is liable to the Plaintiff for actual damages, statutory damages, costs, and reasonable attorney's fees.

### SECOND CAUSE OF ACTION
**(Willful Violation of §1681s2-b as to Defendant Procollect)**

60.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

61.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

62.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

63.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from consumers such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

64.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher must report the results to other agencies that were supplied such information.

65.     Defendant Procollect is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

66.     A reasonable investigation would require a furnisher such as Defendant Procollect to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

67.     The conduct, action and inaction of Defendant Procollect was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

68.     Due to the failings and behavior of Procollect, Plaintiff has been unable to obtain credit and improve his life. Plaintiff has suffered from strained familial relationships. Plaintiff has suffered loss of credit worthiness, emotional distress, mental anguish, and the inability to enjoy

life. Additionally, Plaintiff's repeated attempts to correct his credit reports accounts have resulted in a waste of time and resources for the Plaintiff.

69.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Procollect in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

### THIRD CAUSE OF ACTION
**(Negligent Violation of §1681s2-b as to Defendant Procollect)**

70.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

71.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

72.    Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

73.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from consumers such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

74.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher must report the results to other agencies that were supplied such information.

75.    Defendant Procollect is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

76.     A reasonable investigation would require a furnisher such as Defendant Credit Center to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

77.     The conduct, action, and inaction of Defendant Procollect was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

78.     Due to the failings and behavior of Procollect, Plaintiff has been unable to obtain credit and improve his life. Plaintiff has suffered from strained familial relationships. Plaintiff has suffered loss of credit worthiness, emotional distress, mental anguish, and the inability to enjoy life. Additionally, Plaintiff's repeated attempts to correct his credit reports accounts have resulted in a waste of time and resources for the Plaintiff.

79.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Procollect in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

## FOURTH CAUSE OF ACTION
### Willful Violation of § 1681(e)(b) as to Transunion

80.     Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

81.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

82.     Transunion violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning Plaintiff.

83.     Transunion has willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

    1.   The failure to follow reasonable procedures to assure the maximum possible

accuracy of the information reported;

2. The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

3. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4. The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

5. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

6. The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

7. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

8. The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

84. Due to the failings and behavior of Transunion, Plaintiff has been unable to obtain credit and improve his life. Plaintiff has suffered from strained familial relationships. Plaintiff has suffered loss of credit worthiness, emotional distress, mental anguish, and the inability to enjoy life. Additionally, Plaintiff's repeated attempts to correct his credit reports accounts have resulted in a waste of time and resources for the Plaintiff.

85. The conduct, action and inaction of Transunion was willful rendering Transunion liable

for actual, statutory, and punitive damages in an amount to be determined by a Judge and/or Jury

pursuant to 15 U.S.C. § 1681(n)

86.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an

amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

**FIFTH CAUSE OF ACTION**
**Negligent Violation of § 1681(e)(b) as to Transunion**

87.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though

fully stated herein.

88.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et

seq.

89.    Transunion violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow

reasonable procedures to assure maximum possible accuracy in the preparation of the credit

report and credit files that Transunion maintained concerning Plaintiff.

90.    Transunion has negligently failed to comply with the Act. The failure of Transunion to

comply with the Act includes but is not necessarily limited to the following:

1.    The failure to follow reasonable procedures to assure the maximum possible
      accuracy of the information reported;

2.    The failure to correct erroneous personal information regarding the Plaintiff
      after a reasonable request by Plaintiff;

3.    The failure to remove and/or correct the inaccuracy and derogatory credit
      information after a reasonable request by Plaintiff;

4.    The failure to promptly and adequately investigate information which Equifax had
      notice was inaccurate;

5.    The continual placement of inaccurate information into the credit report of the

Plaintiff after being advised by Plaintiff that the information was inaccurate;

6. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

7. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

8. The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

91. Due to the failings and behavior of Transunion, Plaintiff has been unable to obtain credit and improve his life. Plaintiff has suffered from strained familial relationships. Plaintiff has suffered loss of credit worthiness, emotional distress, mental anguish, and the inability to enjoy life. Additionally, Plaintiff's repeated attempts to correct his credit reports accounts have resulted in a waste of time and resources for the Plaintiff.

92. The conduct, action and inaction of Transunion was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

93. Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## <u>SIXTH CAUSE OF ACTION</u>
### Willful Violation of § 1681(i)(a) as to Transunion

94. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

95. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et

seq.

96.     Transunion violated 15 U.S.C. § 168l(i)(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

97.     Transunion has willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act includes but is not necessarily limited to the following:

1. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2. The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

3. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4. The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

5. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

6. The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

7. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

8. The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the

16

consumer.

98.    Due to the failings and behavior of Transunion, Plaintiff has been unable to obtain credit and improve his life. Plaintiff has suffered from strained familial relationships. Plaintiff has suffered loss of credit worthiness, emotional distress, mental anguish, and the inability to enjoy life. Additionally, Plaintiff's repeated attempts to correct his credit reports accounts have resulted in a waste of time and resources for the Plaintiff.

99.    The conduct, action and inaction of Transunion was willful, rendering Transunion liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/ or Jury pursuant to 15 U.S.C. § 1681(n).

100.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

## SEVENTH CAUSE OF ACTION
### Negligent Violation of § 1681(i)(a) as to Transunion

101.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

102.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

103.    Transunion violated 15 U.S.C. § 168l(i)(a) by failing to conduct a reasonable reinvestigation to determine and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

104.    Transunion has negligently failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

    1.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

3. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4. The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

5. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

6. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

7. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

8. The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

105.    Due to the failings and behavior of Transunion, Plaintiff has been unable to obtain credit and improve his life. Plaintiff has suffered from strained familial relationships. Plaintiff has suffered loss of credit worthiness, emotional distress, mental anguish, and the inability to enjoy life. Additionally, Plaintiff's repeated attempts to correct his credit reports accounts have resulted in a waste of time and resources for the Plaintiff.

106.    The conduct, action and inaction of Transunion was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

107.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

**EIGHTH CAUSE OF ACTION**
**Willful Violation of § 1681(e)(b) as to Defendant Experian**

108.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

109.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

110.    Experian violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning Plaintiff.

111.    Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

1.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2.    The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

3.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4.    The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

5.    The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

6.    The failure to note in the credit report that the Plaintiff disputed the accuracy of

the information;

7.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

8.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

112.   Due to the failings and behavior of Experian, Plaintiff has been unable to obtain credit and improve his life. Plaintiff has suffered from strained familial relationships. Plaintiff has suffered loss of credit worthiness, emotional distress, mental anguish, and the inability to enjoy life. Additionally, Plaintiff's repeated attempts to correct his credit reports accounts have resulted in a waste of time and resources for the Plaintiff.

113.   The conduct, action and inaction of Experian was willful rendering Experian  liable for actual, statutory, and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

114.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

## NINTH CAUSE OF ACTION
### Negligent Violation of § 1681(e)(b) as to Defendant Experian

115.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

116.   This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

117.    Experian violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning Plaintiff.

118.    Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

1.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2.  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

3.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4.  The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

5.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

6.  The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

7.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

8.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

119. Due to the failings and behavior of Experian, Plaintiff has been unable to obtain credit and improve his life. Plaintiff has suffered from strained familial relationships. Plaintiff has suffered loss of credit worthiness, emotional distress, mental anguish, and the inability to enjoy life. Additionally, Plaintiff's repeated attempts to correct his credit reports accounts have resulted in a waste of time and resources for the Plaintiff.

120. The conduct, action and inaction of Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

121. Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## TENTH CAUSE OF ACTION
### Willful Violation of § 1681(i)(a) as to Defendant Experian

122. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

123. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

124. Experian violated 15 U.S.C. § 168l(i)(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

125. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    1. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    2. The failure to correct erroneous personal information regarding Plaintiff after a

        reasonable request by Plaintiff;

3.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4.   The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

5.   The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

6.   The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

7.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

8.   The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

126.   Due to the failings and behavior of Experian Plaintiff has been unable to obtain credit and improve his life. Plaintiff has suffered from strained familial relationships. Plaintiff has suffered loss of credit worthiness, emotional distress, mental anguish, and the inability to enjoy life. Additionally, Plaintiff's repeated attempts to correct his credit reports accounts have resulted in a waste of time and resources for the Plaintiff.

127.   The conduct, action and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

128.   Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an

amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

## ELEVENTH CAUSE OF ACTION
### Negligent Violation of § 1681(i)(a) as to Defendant
### Experian

129.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

130.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

131.    Experian violated 15 U.S.C. § 168l(i)(a) by failing to conduct a reasonable reinvestigation to determine and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

132.    Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act includes but is not necessarily limited to the following:

1.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2.  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

3.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4.  The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

5.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

6. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

7. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

8. The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

133. Due to the failings and behavior of Experian, Plaintiff has been unable to obtain credit and improve his life. Plaintiff has suffered from strained familial relationships. Plaintiff has suffered loss of credit worthiness, emotional distress, mental anguish, and the inability to enjoy life. Additionally, Plaintiffs repeated attempts to correct his credit reports accounts have resulted in a waste of time and resources for the Plaintiff.

134. The conduct, action and inaction of Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

135. Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

**<u>TWELTH CAUSE OF ACTION</u>**
**Willful Violation of § 1681(e)(b) as to Defendant Equifax**

136. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

137. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

138. Equifax violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and

credit files that Equifax maintained concerning Plaintiff.

139.    Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act includes but is not necessarily limited to the following:

1.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2.  The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

3.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4.  The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

5.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

6.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

7.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

8.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

140.    Due to the failings and behavior of Equifax, Plaintiff has been unable to obtain credit and improve his life. Plaintiff has suffered from strained familial relationships. Plaintiff has suffered loss of credit worthiness, emotional distress, mental anguish, and the inability to enjoy life.

Additionally, Plaintiffs repeated attempts to correct his credit reports accounts have resulted in a waste of time and resources for the Plaintiff.

141.    The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/ or Jury pursuant to 15 U.S.C. § 1681(n)

142.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

## THIRTEENTH CAUSE OF ACTION
### Negligent Violation of § 1681(e)(b) as to Defendant
### Equifax

143.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

144.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

145.    Equifax violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning Plaintiff.

146.    Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act includes but is not necessarily limited to the following:

1.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2.    The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

3. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4. The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

5. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

6. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

7. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

8. The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

147. Due to the failings and behavior of Equifax, Plaintiff has been unable to obtain credit and improve his life. Plaintiff has suffered from strained familial relationships. Plaintiff has suffered loss of credit worthiness, emotional distress, mental anguish, and the inability to enjoy life. Additionally, Plaintiffs repeated attempts to correct his credit reports accounts have resulted in a waste of time and resources for the Plaintiff.

148. The conduct, action and inaction of Equifax was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

149. Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

**<u>FOURTEENTH CAUSE OF ACTION</u>**
**Willful Violation of § 1681(i)(a) as to Defendant Equifax**

150.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

151.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

152.    Equifax violated 15 U.S.C. § 168l(i)(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

153.    Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act includes but is not necessarily limited to the following:

1.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2.    The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

3.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4.    The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

5.    The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

6.    The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

7.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to

delete;

8.  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

154.    Due to the failings and behavior of Equifax, Plaintiff has been unable to obtain credit and improve his life. Plaintiff has suffered from strained familial relationships. Plaintiff has suffered loss of credit worthiness, emotional distress, mental anguish, and the inability to enjoy life. Additionally, Plaintiffs repeated attempts to correct his credit reports accounts have resulted in a waste of time and resources for the Plaintiff.

155.    The conduct, action and inaction of Equifax was willful, rendering Equifax liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/ or Jury pursuant to 15 U.S.C. § 1681(n).

156.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

<u>**FIFTEENTH CAUSE OF ACTION**</u>
**Negligent Violation of § 1681(i)(a) as to Defendant**
**Equifax**

157.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

158.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

159.    Equifax violated 15 U.S.C. § 168l(i)(a) by failing to conduct a reasonable reinvestigation to determine and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

160.    Equifax has negligently failed to comply with the Act. The failure of Experian to comply with the Act includes but is not necessarily limited to the following:

1.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2.  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

3.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4.  The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

5.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

6.  The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

7.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

8.  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

161.    Due to the failings and behavior of Equifax, Plaintiff has been unable to obtain credit and improve his life. Plaintiff has suffered from strained familial relationships. Plaintiff has suffered loss of credit worthiness, emotional distress, mental anguish, and the inability to enjoy life.

31

Additionally, Plaintiffs repeated attempts to correct his credit reports accounts have resulted in a waste of time and resources for the Plaintiff.

162.    The conduct, action and inaction of Equifax was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

163.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

1.    For actual, statutory, and punitive damages provided and pursuant to 15 U.S.C. § 1681o(a) and 15 U.S.C. § 1692 to be awarded against all Defendants;

2.    For actual, statutory, and punitive damages provided and pursuant to 15 U.S.C. § 1692 against Defendant Procollect;

3.    For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681o(a)(2);

4.    For attorney fees and costs provided and pursuant to 15 U.S.C. § 1640(a)(3);

5.    For any such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.

DATED:  October 17, 2023                    Respectfully Submitted,

                                **JAFFER & ASSOCIATES PLLC**
                                <u>/s/ *Shawn Jaffer*</u>

**Shawn Jaffer**
Bar No.: 24107817
5757 Alpha Road Suite 580
Dallas, Texas 75240
T: (214) 945-0000
F: (888) 530-3910
E-mail: sdtx@jaffer.law
**Attorneys for Plaintiff**